FILED
2011 Jun-30 PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

JEREMY PINSON,           )
                         )
       Plaintiff         )
                         )
    vs.                  )   Case No.  1:10-cv-02469-AKK-HGD
                         )
JOHN RATHMAN, et al.,    )
                         )
       Defendants        )

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 26, 2011, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b).  (Doc. 19).

On June 7, 2010, the plaintiff filed objections to the report and recommendation.  (Doc. 20).  The plaintiff argues that the magistrate judge used the wrong standard for reviewing his claim of cruel and unusual punishment in violation of the Eighth Amendment.  To support his contention, the plaintiff cites *Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010), in which the Supreme Court reaffirmed earlier holdings in *Hudson v. McMillian,* 503 U.S. 1 (1992), that the threshold question when considering an excessive force claim is "whether force was applied in a good faith

effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. at 7.

The *Wilkins* case, however, is of no help to the plaintiff here because in his amended complaint (Doc. 17), the plaintiff did not claim that any of the defendants at any time used excessive force. Rather, the plaintiff complained only that he was placed in ambulatory restraints by Officers Davis and Williams and described ambulatory restraints for the court. The plaintiff described the harshness of his experience in ambulatory restraints, but adds that Warden Reese was notified of his condition every four hours.[1] The plaintiff was apparently asking the court to find that placing him in ambulatory restraints constituted excessive force *per se.* Unfortunately for plaintiff, the law does not support his contentions. Ambulatory restraints are applied to limit a prisoner's movement, rather than to inflict harm. While it is clear, the plaintiff was uncomfortable, and somewhat restricted, he has failed to show that the restraints amounted to a use of force that is "repugnant to the conscience of mankind." *Whitley v. Albers,* 475 U.S. 312, 327 (1986)(quotations and citations omitted). Moreover, "[b]ecause routine discomfort is part of the penalty that criminal defendants pay for their offenses against society," *Hudson v. McMillian,* 503

---

[1] In a Motion for Leave to Amend (Doc. 21) filed contemporaneously with the objections to the report and recommendations, the plaintiff provides the court with the following information about why he was placed in ambulatory restraints: "On Nov. 7, 2009, Plaintiff attempted suicide by setting his cell on fire and hanging himself."

U.S. at 9, not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment, *Rhodes v. Chapman*, 452 U.S. 337, 345 - 352 (1981).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

Done the 30th day of June, 2011.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE